IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEONTE M. NICHOLS,
     Plaintiff,

vs.                           Case No.: 5:18cv159/MCR/EMT

DEONTE MARQUISE NICHOLS,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections proceeding pro se, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).   Presently before the court is Plaintiff's Second Amended Complaint (ECF No. 7).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).   Upon review of Plaintiff's Second Amended Complaint, the undersigned recommends that this case be dismissed as frivolous.

Plaintiff names himself as the sole Defendant in this case (ECF No. 7 at 1–2; *see also* ECF No. 1 at 1; ECF No. 5 at 1–2).   Plaintiff's factual allegations are unintelligible.  His Statement of Facts is comprised of a list of his family members and

a description of his educational background, employment history, and community

activities (ECF No. 7 at 5–7; *see also* ECF No. 5 at 5, 7; ECF No. 1 at 3).  Plaintiff

peppers his Statement of Facts with legal terminology, including in forma pauperis,

pro bono publico, pro se, nota bene, mens rea, non compos mentis, en banc, ex gratia,

and ex parte (ECF No. 7 at 5).

> Plaintiff's Statement of Claims is also unintelligible.  It states:

> I Deonte Marquise Nichols power me pratice private law judicial lien,
> emblem of good will 1967 18th Judicial Circuit Court.  Byrd Dufce
> USUC status from Corrections Dept. Services protect my family liens.
> Introduction writ lien history mortem use US law.  Testimony trustee ex
> rel bona fide.  Transcript requests bylaws privileged express consent
> private law.  08 27 2001 my mother's brother Leroy Glenn patent proxy
> proprietor.  Notice paralegal.  Mittomes us in me.  Plan restoration
> interence civil procedure.  Right determine rules of proceedings
> discovery, defacto, de jure, a fortiori.  Diversion new state head note
> division new American Republic domicile estop where entry enjoin
> indegent enjuction writ status quo.  GBMI still IR DA DSM IV effective
> consent grievance harmless error.  Findings esquire.

(ECF No. 7 at 8 and continued at 7).  Plaintiff states he seeks the following relief from

the court, "We affirm relief clientelee" (ECF No. 7 at 8).

> Because Plaintiff is a prisoner, the court must review the complaint and dismiss

it if satisfied that the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief.  *See* 28 U.S.C. § 1915A.  "A claim is frivolous if it is without arguable

merit either in law or fact."  <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)

(citing <u>Battle v. Cent. State Hosp.</u>, 898 F.2d 126, 129 (11th Cir. 1990)); *see also*

<u>Neitzke v. William</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)

(The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable

legal conclusion, but also the fanciful factual allegation."); <u>Carroll v. Gross</u>, 984 F.2d

392, 393 (11th Cir. 1993) (noting that a case is frivolous when it appears the plaintiff

has little or no chance of success) (quotation marks and citation omitted).

 The undersigned has several years of practice in interpreting pleadings filed by

pro se litigants and recognizes that certain niceties of such pleadings may not be the

same as in those crafted by lawyers.  Accordingly, the undersigned and her staff make

every effort to review and understand the pleadings of pro se litigants.  Nevertheless,

the present complaint can only be liberally characterized as gibberish.  Although

Plaintiff's complaint is saturated with legal terms, it is clear that Plaintiff has failed

to plead anything close to approaching a cognizable claim.  The terms used are

nonsensical and certainly do not describe any sort of plausible cause of action.

 Moreover, Plaintiff names himself as the sole Defendant, but he clearly is not

a state actor.  Section 1983 of Title 42 of the United States Code provides for the

recovery of monetary damages for an alleged violation of a right secured by the

Constitution or other federal laws where two essential elements are present:  (1) the

conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes," Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992), and none of those circumstances are present in this case. Therefore, dismissal of the amended complaint is warranted.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).[1] However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th

---

[1] The court provided Plaintiff one opportunity to amend, but it was based upon matters of form, not substance (*see* ECF No. 4).

Cir. 2001).  Here, Plaintiff's initial and amended pleadings are unarguably without

legal merit, and the pleading deficiencies cannot be cured by further amendment.

Moreover, further processing of what is very loosely described as Plaintiff's claim,

would result in waste of scarce public resources.  The undersigned thus concludes that

this action should be dismissed, with prejudice, as frivolous.

     Accordingly, it is respectfully **RECOMMENDED**:

     1.    That this action be **DISMISSED, with prejudice**, as frivolous, pursuant

to 28 U.S.C. § 1915A.

     2.    That all pending motions be **DENIED** as moot.

     3.    That the clerk enter judgment accordingly and close this case.

     At Pensacola, Florida, this 17th day of July 2018.


            /s/ *Elizabeth M. Timothy*
            **ELIZABETH M. TIMOTHY**
            **CHIEF UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

     **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**